**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 455.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* OGLESBY.

**[Cite as *Disciplinary Counsel v. Oglesby*, 2000-Ohio-94.]**

*Attorneys at law—Misconduct—Indefinite suspension—Failing to cooperate fully with monitor during probation—Neglect of an entrusted legal matter— Engaging in conduct adversely reflecting on fitness to practice law— Failing to seek lawful objectives of client—Damaging client during course of professional relationship—Failing to promptly pay client funds that client is entitled to receive.*

(No. 00-1100—Submitted August 22, 2000—Decided December 27, 2000.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-26.

———————————

**{¶ 1}** On June 17, 1992, this court suspended respondent, Geoffrey Lynn Oglesby of Sandusky, Ohio, Attorney Registration No. 0023949, from the practice of law for one year with six months stayed provided that, among other things, he complete two years of monitored probation after the termination of his suspension. *Disciplinary Counsel v. Oglesby* (1992), 64 Ohio St.3d 39, 591 N.E.2d 1214. In December 1992, relator, Office of Disciplinary Counsel, appointed attorney K. Ronald Bailey as a monitor for respondent.

**{¶ 2}** On October 25, 1999, relator filed a four-count amended complaint charging respondent with failing to cooperate fully with his monitoring attorney and with violating several Disciplinary Rules. Respondent answered, and the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

**{¶ 3}** The panel found that during his period of probation respondent failed to keep his commitment to make monthly reports to and meet quarterly with his

monitoring attorney. Respondent met with Bailey three times in 1993 and only twice in 1994. Thereafter, Bailey received only a few reports from respondent in 1995 and early 1996.

{¶ 4} The panel also found that in 1997 the court of appeals dismissed the appeals of James Hammon and Bryant Jenkins from their respective criminal convictions because in each case respondent, as court-appointed appellate counsel, failed to file a brief for his clients after filing a notice of appearance. In the same year, while representing Donald Walk, respondent failed to file a praecipe and documenting statement after filing Walk's notice of appeal, and that case was dismissed.

{¶ 5} The panel found that in 1998 because of the error of a bank clerk, respondent, who was owed $375 by a client, received a money order from her for $5,375. Although the bank notified respondent of the error, respondent deposited the funds in his personal account and failed to return the $5,000 to the bank until after the hearing began in this case.

{¶ 6} Finally, the panel found that in August 1997, Russell Boyd, Sr. paid respondent a $1,000 retainer to represent his son with respect to charges relating to the operation of a motor vehicle. Respondent rejected Boyd's suggestion that his son turn himself over to the authorities and seek bail. Subsequently, after the son was arrested, respondent failed to appear at the scheduled hearing in the son's case. Instead, an associate of respondent appeared after the hearing was concluded. When Boyd requested a refund of the retainer, respondent sent him $600.

{¶ 7} The panel concluded that respondent's failure to cooperate with his mentor violated Gov.Bar R. V(9)(C)(1) (an attorney on probation shall meet with his monitoring attorney at least quarterly after the first year of probation) and V(9)(C)(3) (an attorney on probation shall cooperate fully with the monitoring attorney). It further concluded that in his representation of Hammon and Jenkins respondent violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal

2

matter). It made no conclusions with respect to the Walk matter. It concluded that by failing to promptly return funds to the bank, respondent violated DR 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects upon the fitness to practice law).

{¶ 8} The panel finally concluded that respondent's conduct in the Boyd matter violated DR 6-101(A)(3), 7-101(A)(1) (a lawyer shall not fail to seek the lawful objectives of the client), 7-101(A)(3) (a lawyer shall not damage the client during the course of the professional relationship), 9-102(B)(4) (a lawyer shall promptly pay to the client, funds that the client is entitled to receive) and 1-102(A)(6). The panel recommended that respondent's earlier probation be revoked and that respondent be suspended for one year.

{¶ 9} The board adopted the findings of the panel and concluded that in failing to cooperate with his monitor during his probation respondent violated Gov.Bar R. V(9)(C)(1) and V(9)(C)(3), but violated no Disciplinary Rules. The board also concluded that in the Hammon, Jenkins, and Walk matters, respondent violated DR 6-101(A)(3), that in failing to return the funds to the bank promptly, respondent violated DR 1-102(A)(6), and that in representing Boyd's son, he violated DR 6-101(A)(3), 7-101(A)(1), 7-101(A)(3), and 1-102(A)(6). Additionally the board found that respondent's failure to return the unearned retainer promptly to Boyd violated DR 9-102(B)(4). The board recommended that respondent be suspended from the practice of law for one year and that his current probation be terminated.

---

*Jonathan Coughlan,* Disciplinary Counsel, and *John K. McManus,* Assistant Disciplinary Counsel, for relator.

*Lurlia Oglesby,* for respondent.

---

***Per Curiam.***

**{¶ 10}** Having reviewed the record in this matter, we adopt the findings and conclusions of the board.  However, we believe that respondent should be and he hereby is indefinitely suspended from the practice of law in Ohio.  Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY and PFEIFER, JJ., dissent and would suspend respondent for two years.

_____